JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 13 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 673

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BURGER CHEF FRANCHISE LITIGATION

TRANSFER ORDER*

This litigation presently consists of 47 actions pending in seven districts as follows:[1]

| District | Actions |
|---|---|
| District of Massachusetts | 28 actions |
| Eastern District of Wisconsin | 8 actions |
| Northern District of Ohio | 3 actions |
| Southern District of Florida | 2 actions |
| Central District of Illinois | 2 actions |
| Middle District of Tennessee | 2 actions |
| District of Minnesota | 2 actions |

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendants General Foods Corporation (General Foods) and Burger Chef Systems, Inc. (Burger Chef) for an order transferring the actions to the Southern District of New York for coordinated or consolidated pretrial proceedings. Movants' two codefendants in certain actions support the motion. Plaintiffs in 42 of the actions also support centralization, but they favor selection of the Northern District of Ohio as transferee forum. Plaintiffs in the four actions pending in either the Central District of Illinois or the Middle District of Tennessee oppose inclusion of their actions in centralized pretrial proceedings with the other actions, but these parties have cross-moved for centralization of their four actions in the Middle District of Tennessee. Lastly, plaintiffs in one of the Minnesota actions oppose centralization. If the Panel nevertheless concludes that centralization is appropriate, then these Minnesota action plaintiffs favor selection of the District of Minnesota as transferee forum.

---

\*   Judge Fred Daugherty took no part in the decision of this matter.

[1]   The motion originally before the Panel pertained to 46 actions. Subsequently the Panel has been apprised of additional related actions in various districts that were filed too late to be subject to the movants' original motion. We have included in this matter now before us one of those actions, Kenneth R. Johnson, et al. v. General Foods Corp., et al., D. Minnesota, C.A. No. 4-85-1647. The Johnson action is included because all parties to the action stated in writing their respective positions on the present motion and participated in oral argument at the Panel's January 23, 1985 hearing in this docket. The remaining recently filed actions will be treated as potential tag-along actions in accordance with Panel Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

On the basis of the papers filed and the hearing held, the Panel finds that these 47 actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are brought by present or former Burger Chef franchisees and involve common allegations of fraud and breach of contract as a result of events occurring during General Foods' fourteen year ownership of Burger Chef. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. While objections have been raised that much of the common discovery has already been completed in certain of the actions or in related litigation, or that certain constituent actions involve parties and claims not present in other actions, we find that these are not grounds for denying centralization. We point out that transfer under Section 1407 has the salutary effect of placing all actions before a single judge familiar with the litigation who can formulate a pretrial program that 1) enables appropriate discovery already completed in earlier actions to be made applicable to later filed actions, see Manual for Complex Litigation, Second, §21.42 (1985); 2) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

We conclude that the Northern District of Ohio is the appropriate transferee forum for this litigation because: 1) we are extremely reluctant to centralize actions in a district such as the Southern District of New York where no constituent actions are pending; 2) the Ohio forum is appropriately located with respect to the geographic scope of this litigation -- Burger Chef was headquartered in Indiana, its present parent is headquartered in North Carolina, General Foods is headquartered in New York, and many Burger Chef franchisees were located in the Midwest; and 3) the vast majority of the parties favors the Ohio forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of Ohio be, and the same hereby are, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David D. Dowd, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending that district.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

## SCHEDULE A

### MDL-673 -- In re Burger Chef Franchise Litigation

#### Southern District of Florida

<u>Robert Donlon v. General Foods Corp., et al.</u>, C.A. No. 85-8463
<u>Andrew Lockhart v. General Foods Corp., et al.</u>, C.A. No. 85-8524

#### Central District of Illinois

<u>First National Bank of Danville, etc. v. Burger Chef Systems, Inc., et al.</u>, C.A. No. 85-2383
<u>H&H Foods, Inc. v. Burger Chef Systems, Inc., et al.</u>, C.A. No. 85-2384

#### District of Massachusetts

<u>George Scrivanos, et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3777-MA
<u>West Warwick General, Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3778-MA
<u>G & S Restaurants, Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3779-MA
<u>Peter Yidiaris, et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3780-MA
<u>CBR, Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3781-MA
<u>Charles Rice, et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3782-MA
<u>J. G. Morin, Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3783-MA
<u>C.B.C. Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3784-MA
<u>R.C.M. Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3785-MA
<u>Ricmor Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3786-MA
<u>T & G Drive In, Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3787-MA
<u>S.O.M.I. Co., Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3788-MA
<u>Stamit Corp., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3789-MA
<u>J.G.M., Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3790-MA
<u>Charles Rice, et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3791-MA
<u>Hellas Family Restaurants, Inc., et al. v. General Foods Corp., et al.</u>, C.A. No. 85-3792-MA

<u>Hellas Family Restaurants, Inc., et al. v. General Foods
Corp., et al.</u>, C.A. No. 85-3793-MA
<u>Armando Gregorio et al. v. General Foods Corp., et al.</u>, C.A.
No. 85-3794-MA
<u>George Scrivanos, et al. v. General Foods Corp., et al.</u>, C.A.
No. 85-3795-MA
<u>G.K.T. Development Corp., et al. v. General Foods Corp., et
al.</u>, C.A. No. 85-3796-MA
<u>Cap Restaurants, Inc., et al. v. General Foods Corp., et al.</u>,
C.A. No. 85-3797-MA
<u>George Staffopoulos, et al. v. General Foods Corp., et al.</u>,
C.A. No. 85-3798-MA
<u>Anthony P. Lombardi, et al. v. General Foods Corp., et al.</u>,
C.A. No. 85-3799-MA
<u>Charles C. Rice, et al. v. General Foods Corp., et al.</u>, C.A.
No. 85-3800-MA
<u>Steven Panagakos, et al. v. General Foods Corp., et al.</u>, C.A.
No. 85-3801-MA
<u>Ray Stevens, et al. v. General Foods Corp., et al.</u>, C.A. No.
85-3802-MA
<u>Charles Rice, et al. v. General Foods Corp., et al.</u>, C.A. No.
85-3803-MA
<u>George Staffopoulos, et al. v. General Foods Corp., et al.</u>,
C.A. No. 85-3804-MA

   <u>District of Minnesota</u>

<u>Robert G. Nelson, et al. v. General Foods Corp., et al.</u>, C.A.
No. 4-85-1265
<u>Kenneth R. Johnson, et al. v. General Foods Corp., et al.</u>,
C.A. No. 4-85-1647

   <u>Northern District of Ohio</u>

<u>William J. Kline, et al. v. General Foods Corp., et al.</u>, C.A.
No. C85-2891A
<u>Carl J. Kalinoff, et al. v. General Foods Corp., et al.</u>, C.A.
No. C85-2892A
<u>C. Coulter Deklyn, et al. v. General Foods Corp., et al.</u>,
C.A. No. C85-2893A

   <u>Middle District of Tennessee</u>

<u>William E. Mitchell, et al. v. Burger Chef Systems, Inc., et
al.</u>, C.A. No. 2-85-0128
<u>Rita C. O'Neal v. Burger Chef Systems, Inc., et al.</u>, C.A. No.
3-85-1142

   <u>Eastern District of Wisconsin</u>

<u>Joseph Sheldon, et al. v. General Foods Corp., et al.</u>, C.A.
No. 85-C-1443
<u>P. J. Grumley, et al. v. General Foods Corp., et al.</u>, C.A.
No. 85-C-1444
<u>Gerald Wolf, et al. v. General Foods Corp., et al.</u>, C.A. No.
85-C-1445

James R. Trester v. General Foods Corp., et al., C.A. No. 85-C-1445

Edward G. Eodorowski, et al. v. General Foods Corp., et al., C.A. No. 85-C-1447

Allen L. Van Ert, et al. v. General Foods Corp., et al., C.A. No. 85-C-1448

Urban J. Gregoire, et al. v. General Foods Corp., et al., C.A. No. 86-C-1449

Joseph R. Eodorowski, et al. v. General Foods Corp., et al., C.A. No. 85-C-1450